IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH REINWAND,

                                    OPINION and ORDER

           Plaintiff,

                                    17-cv-538-bbc

     v.

LAWRENCE J. BRADLEY, DENNIS F. QUEBE,
JOHN GRAU, SALVATORE J. CHILIA, LONNIE R. STEPHENSON
and NATIONAL ELECTRICAL BENEFIT FUND,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, pro se plaintiff Joseph Reinwand, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, is bringing claims under the Employee Retirement Income Security Act, 29 U.S.C. § 1132, and under 42 U.S.C. § 1983 against the pension plan of his previous employer, as well as its administrator and trustees. Now before the court is defendants' motion to dismiss the case under Fed. R. Civ. P. 12(b)(6). Defendants contend that plaintiff's § 1983 claim should be dismissed because defendants are not government actors and plaintiff's ERISA claim should be dismissed as to the individual defendants. Dkt. #10. Defendants have also moved to strike plaintiff's jury demand from his complaint. Dkt. #12. I am granting both motions.

With respect to plaintiff's claim under § 1983, plaintiff makes no attempt to explain why he could bring a claim for violation of his "civil rights" against a private entity or non-

1

governmental actor. As the Court of Appeals for the Seventh Circuit explained to plaintiff in a previous lawsuit he brought against some of the same defendants, a claim under § 1983 against these defendants "is frivolous," because "only 'state actors' can be liable under § 1983" and defendants are not state actors. Reinwand v. National Electrical Benefit Fund, 683 F. App'x 516, 517 (7th Cir. 2017). Therefore, I will dismiss plaintiff's § 1983 claim.

With respect to plaintiff's ERISA claim for benefits under 29 U.S.C. § 1132(a)(1)(B), defendants argue that only the plan itself, and not the individual defendants, are proper defendants. The Court of Appeals for the Seventh Circuit has stated that a cause of action for "benefits due" under § 1132(a)(1)(B) "must be brought against the party having the obligation to pay." Larson v. United Healthcare Insurance Co., 723 F.3d 905, 913 (7th Cir. 2013). "Typically the plan owes the benefits and is the right defendant." Id. In some circumstances, however, an individual or entity other than the plan may be an appropriate defendant to a claim for benefits, such as where an entity other than the plan has the obligation to pay benefits or where the employer and plans are closely intertwined. Id. (allowing plaintiff to sue insurance company that was responsible for making benefit decisions and paying claims); Mein v. Carus Corp., 241 F.3d 581, 584–85 (7th Cir. 2001) (allowing plaintiff to sue his employer to recover ERISA benefits because employer and plan were closely intertwined); Riordan v. Commonwealth Edison Co., 128 F.3d 549, 551 (7th Cir. 1997) (permitting plaintiff to sue employer to recover ERISA benefits because plan documents referred to employer and plan interchangeably).

In this instance, however, the allegations in plaintiff's complaint do not support any

2

basis for bringing a claim against the individual defendants. His allegations do not suggest that the individual defendants are obligated to pay benefits or that the plan itself is interchangeable with the individuals. Additionally, unlike in plaintiff's previous case, Reinwand v. National Electrical Benefit Fund et al., 14-cv-845-bbc, plaintiff is not bringing a claim under § 1132(c)(1), for which a plan administrator would be an appropriate defendant. In this case, plaintiff has raised only a claim for benefits, for which the plan is the appropriate defendant. Therefore, I will grant defendants' motion to dismiss the individual defendants.

Finally, because I am dismissing plaintiff's § 1983 claim, I also will grant defendants' motion to strike plaintiff's request for a jury trial. Plaintiff's only remaining claim is an ERISA claim for benefits under 1132(a)(1)(B), and there is no right to a jury trial on ERISA claims. Patton v. MFS/Sun Life Financial Distributors, Inc., 480 F.3d 478, 484 (7th Cir. 2007) ("the plaintiff has no right to a jury trial" in ERISA case); McDougall v. Pioneer Ranch Ltd. Partnership , 494 F.3d 571, 575–76 (7th Cir.2007) ("[T]here is no right to a jury trial because ERISA's antecedents are equitable, not legal.").

ORDER

IT IS ORDERED that

1. The motion to dismiss filed by defendants Lawrence J. Bradley, Dennis F. Quebe, John Grau, Salvatore J. Chilia and Lonnie R. Stephenson, dkt. #10, is GRANTED. Plaintiff Joseph Reinwand's claims under 42 U.S.C. § 1983 are DISMISSED and the individual

3

defendants are DISMISSED from this case.

2. Defendants' motion to strike plaintiff's jury demand, dkt. #12, is GRANTED.

Entered this 5th day of February, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge