IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH REINWAND,

                                                    OPINION and ORDER

           Plaintiff,

                                                    17-cv-538-bbc

     v.

NATIONAL ELECTRICAL BENEFIT FUND,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, pro se plaintiff Joseph Reinwand, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, is bringing claims under the Employee Retirement Income Security Act, 29 U.S.C. § 1132, against the pension plan of his previous employer. On February 5, 2018, I granted a motion to dismiss claims plaintiff had included against the administrator and trustees of the plan, concluding that plaintiff's complaint failed to state claims against those defendants under ERISA or 42 U.S.C. § 1983. Now before the court are plaintiff's motion for leave to amend his complaint, dkt. #20, and motion for reconsideration of the dismissal order. Dkt. #21. Both motions will be denied.

With respect to the motion for leave to file an amended complaint, plaintiff neither filed a proposed amended complain nor explained adequately what changes he wishes to make to his original complaint. Instead, he suggests that he may be able to add information that would clarify the basis for his claims against the previously-dismissed individual defendants. Plaintiff's vague statements are not sufficient to justify granting his motion. If plaintiff wishes to renew his motion by filing a timely proposed amended complaint, he may

1

do so, but I will not grant him leave to file an amended complaint without reviewing his proposed pleading.

In support of his motion for reconsideration, plaintiff argues that the individual defendants may be sued under ERISA and held personally liable for the benefits owed to plaintiff because, according to the plan documents, the trustees and administrators are responsible for evaluating and paying claims. However, none of the plan provisions cited by plaintiff would support a finding that the trustees or administrators are *personally* responsible for paying claims. Rather, the provisions indicate that these individuals have official responsibilities in administering the plan and paying benefits, but no personal obligations to pay, as would be the case if the plan and the individuals were "interchangeable." E.g., Riordan v. Commonwealth Edison Co., 128 F.3d 549, 551 (7th Cir. 1997). As explained in the previous order, dkt. #19 at 2, the appropriate defendant on an ERISA claim for benefits is "the party having the obligation to pay," which is "[t]ypically the plan." Larson v. United Healthcare Insurance Co., 723 F.3d 905, 913 (7th Cir. 2013). Plaintiff has pointed to nothing in the plan documents to undermine my previous conclusion that the plan is the appropriate defendant in this case. Therefore, I will deny his motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff Joseph Reinwand's motion for reconsideration, dkt. #21, and his motion for leave to amend his complaint, dkt. #20, are DENIED.

Entered this 11th day of April, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge