IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH REINWAND,

                  OPINION and ORDER

     Plaintiff,

                     17-cv-538-bbc

  v.

NATIONAL ELECTRICAL BENEFIT FUND,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, pro se plaintiff Joseph Reinwand, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, is bringing claims under the Employee Retirement Income Security Act, 29 U.S.C. § 1132, against the pension plan of his previous employer. Now before the court is defendant's motion for summary judgment. Dkt. #30. For the reasons below, I conclude that defendant did not act arbitrarily and capriciously in denying plaintiff benefits. Accordingly, I am granting defendant's motion for summary judgment.

From the defendant's proposed findings of fact, plaintiff's responses and the administrative record, I find the following facts to be undisputed.

UNDISPUTED FACTS

A. Background and Procedural History

Plaintiff Joseph Reinwand was formerly employed as an electrical worker. For more

1

than a decade, he received monthly disability benefits from defendant National Electrical Benefit Fund defendant, a multi-employer pension plan, using employer contributions to provide benefits for workers in the electrical industry. Plaintiff qualified for and received a pension because he was entitled to federal disability benefits from the Social Security Administration, and a Social Security award was satisfactory proof of total disability under defendant's plan. In 2012, defendant terminated plaintiff's pension benefits after learning that plaintiff's Social Security benefits had been terminated when he was incarcerated. Plaintiff later applied to have defendant reinstate his pension benefits, but defendant's administrator denied his claim without an explanation.

In December 2014, plaintiff sued defendant for reinstatement of his benefits. <u>Reinwand v. National Electrical Benefit Fund</u>, 14-cv-845-bbc (W.D. Wis.). On June 24, 2016, I denied plaintiff's request for reinstatement of benefits, but found that because defendant had denied plaintiff's claim without explanation, his claim had not received a "full and fair review" as required by 29 U.S.C. § 1133. I remanded plaintiff's claim to defendant's administrator.

B. <u>Defendant Denies Plaintiff's Claim after Remand</u>

On June 30, 2016, defendant notified plaintiff that it intended to review and consider his request for reinstatement of benefits in accordance with the court's order. Dkt. #32-5 at 2. Defendant provided plaintiff a blank medical report form to be completed by a treating physician and directed plaintiff to submit evidence of a Social Security Administration award

or sufficient medical records to demonstrate that he was totally disabled. Defendant re-sent the June 30, 2016 letter to plaintiff on August 16, 2016. Id. at 3.

In a letter to plaintiff dated October 6, 2016, defendant stated that it had not yet received a response to its previous letters. Defendant explained that under the terms of the plan, defendant would pay disability benefits only if plaintiff was "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months (12) months." Id. at 6. Defendant noted that it had two medical reports that plaintiff had submitted with his previous application for benefits, but that neither report was sufficient to show that plaintiff was totally disabled. Id. Defendant again requested that plaintiff submit a Social Security Administration award or "medical records addressing the nature of your physical or mental impairment since April 2012 and showing such things as how or whether your impairment prevents you from engaging in substantial gainful activity, the date on which you were first examined by that physician, frequency of visits, and the date of your last examination." Id. at 7.

On or around October 6, 2016, defendant received from plaintiff a single page medical report dated September 29, 2016 that had been completed by Dr. David Grodsky at the Columbia Correctional Institution. Id. at 8. Under "diagnoses," the report lists "(1) PTSD; (2) Adjustment disorder and mood features; (3) Alcohol use disorder." The report states also states:

3

> PTSD diagnosed 1993. Poor sleep, nightmares, depression. Adult trauma seen monthly. Remains unable to work.

Id. Plaintiff did not submit any medical records with the report.

Defendant forwarded the report, as well as plaintiff's previous two medical reports, to Dr. Shawn Clausen for her opinion of about the extent of plaintiff's disability since 2012. Id. at 9. Dr. Clausen responded to this request on a form provided by defendant, concluding that plaintiff was "able to work at the electrical trade." Id. at 12. On November 8, 2016, the plan administrator Lawrence Bradley sent a letter to plaintiff explaining that his claim was being denied because he was not disabled. Id. at 14. The letter also gave plaintiff instructions on his right to appeal to defendant's trustees.

Plaintiff appealed to the trustees on November 29, 2016. Id. at 21-23. On December 20, 2016, Bradley notified plaintiff that the trustees would consult with a doctor who had not previously consulted on plaintiff's claim. Id. at 24. Plaintiff was invited to submit additional documents, records or other information, even if such evidence had not been considered previously by defendant. Plaintiff did not submit additional medical records, but responded on December 23, 2016, requesting that the physician engaged by the trustees establish a "Doctor/Patient" relationship with plaintiff. Id. at 25.

Defendant's trustees sent plaintiff's three medical reports to a third party medical reviewer, Medical Review Institute of America, Inc., for an opinion as to whether plaintiff "is currently, or has been at any time since April 2012 'unable to engage in any substantial gainful employment by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasts or can be expected to last for a

4

continuous period of not less than twelve (12) months.'" Id. at 28. If the reviewer answered that question in the affirmative, the reviewer was asked to render an opinion as to the physical or mental impairment(s) that resulted in total disability; the onset date of total disability; and the periods of total disability since April 2012.

The reviewing psychiatrist gave the opinion that "there is no evidence to support a determination of total disability in this case," providing the following rationale:

> A determination of total disability would require detailed evidence of the ways in which the patient's symptoms interfere with the patient's daily functioning to the extent that the patient would be unable to work. This would need to be supported by objective evidence of such claims. The standard of total disability requires a profound deterioration in level of functioning. In this case, there is not detailed evidence to describe the manner in which the patient's psychiatric systems render the patient unable to work. As a result, the current determination is that there is no evidence to support any claim of total disability for the dates in question.

Id. at 29.

On March 21, 2017, the trustees sent a letter to plaintiff denying his appeal. Id. at 31. The trustees explained that plaintiff's medical evidence did not show that he was disabled because they did not indicate that his post traumatic stress disorder, insomnia or alcohol abuse made him unable to engage in substantial gainful employment. The trustees also cited the opinion of the reviewing psychiatrist from the Medical Review Institute of America. Id. at 32.

On July 17, 2017, plaintiff filed this lawsuit, seeking reinstatement of his disability benefits.

OPINION

Under ERISA, a plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). When a court reviews a denial of benefits under an insurance policy governed by ERISA, the denial must be reviewed under the de novo standard unless the plan has given the plan administrator or fiduciary discretionary authority to determine benefits or construe the terms of the plan. Williams v. Aetna Life Insurance Company, 509 F.3d 317, 321 (7th Cir. 2007) (quoting Firestone Tire and Rubber v. Bruch, 489 U.S. 101, 115 (1989)). The parties agree that the arbitrary and capricious standard of review applies in this case because the policy grants discretionary authority to defendant to make all benefits determinations.

The "arbitrary and capricious standard is the least demanding form of judicial review of administrative action, and any questions of judgment are left to the administrator of the plan." Semien v. Life Insurance Co. of North America, 436 F.3d 805, 812 (7th Cir. 2006) (quoting Trombetta v. Cragin Federal Bank for Savings Employee Stock Ownership Plan, 102 F.3d 1435, 1438 (7th Cir. 1996)). Therefore, this court will uphold the Plan's determination "as long as (1) it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, (2) the decision is based on a reasonable explanation of relevant plan documents, or (3) the administrator has based its decision on a consideration of the relevant factors that encompass the important aspects of the problem." Williams, 509 F.3d at 321-22 (citations omitted).

In addition to these substantive requirements, ERISA requires that, in denying a

claim, the claims administrator communicate the "specific reasons" for the denial to the claimant and afford the claimant an opportunity for a "full and fair review." 29 U.S.C. § 1133; Hackett v. Xerox Corp. Long-Term Disability Income Plan, 315 F.3d 771, 775 (7th Cir. 2003). Substantial compliance with these two requirements is sufficient to satisfy ERISA. Hackett, 315 F.3d at 775. For example, even though the plan administrator must give the applicant the reason for the denial, it "does not have to explain to him why it is a good reason." Gallo v. Amoco Corp., 102 F.3d 918, 923 (7th Cir.1996) ("To require that would turn plan administrators not just into arbitrators . . . but into judges.").

In this instance, defendant's decision to deny plaintiff's claim for benefits was reasonable and defendant provided a sufficient explanation for its decision, in light of the record before it. Following the remand order, both the plan administrator and trustees considered plaintiff's claim. Plaintiff had the opportunity to present medical evidence of his disability, but he submitted only a single document from his treating physician listing his diagnoses and a couple of symptoms, without providing any treatment records or further explaining why his mental health problems prohibited him from working. Despite the meager evidence, the trustees forwarded plaintiff's medical reports to an independent psychiatrist for review. Not surprisingly, the psychiatrist concluded that there was no evidence to support plaintiff's claim of total disability. The trustees reasonably relied on the psychiatrist's opinion and the lack of objective medical evidence to conclude that plaintiff's condition did not meet the plan's definition of total disability.

Plaintiff argues that defendant should have credited the opinion of the prison doctor

7

that plaintiff is "unable to work." He further argues that the trustees' demand for more specific medical evidence was unreasonable. However, ERISA demands "a 'reasonable inquiry' into a claimant's medical condition and his vocational skills and potential," O'Reilly v. Hartford Life & Accident Insurance Co., 272 F.3d 955, 961 (7th Cir. 2001). Additionally, "courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician." Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003). Here, the treating physician's opinion was conclusory and not supported by any medical records or treatment history. Further, defendant had explained to plaintiff numerous times that he would need to submit medical proof of his disability and that the conclusory medical reports he had provided were insufficient. The plan itself states that "[p]roof of disability must be filed with [defendant] and shall consist of . . . such other proof as the Trustees may require." Dkt. #32-1 at § 11.1(c). Plaintiff failed to submit any such proof.

Accordingly, I conclude that plaintiff's claim received a full and fair review and that the decision to deny him disability benefits has rational support in the record.

ORDER

IT IS ORDERED that defendant National Electrical Benefit Fund's motion for summary judgment, dkt. #30, is GRANTED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 5th day of July, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge